ROSEANN MARESCA *v.* LISA MARIE DEMATTEO ET AL.
(3889)

HULL, BORDEN and DALY, Js.

Submitted on briefs December 13, 1985—decision released April 8, 1986

*Victor P. Fasano* filed a brief for the appellant (named defendant).

*Gwen B. Drielinger* and *Jack M. Bassett* filed a brief for the appellee (plaintiff).

DALY, J. This action was brought to foreclose a mortgage given by the named defendant to the plaintiff. In addition to the foreclosure and possession of the mortgaged premises, the plaintiff sought a deficiency judgment against the named defendant.

A judgment of strict foreclosure was rendered on January 3, 1984, in favor of the plaintiff, Roseann Maresca. The amount of the debt was fixed at $69,441.91, plus attorney's fees, costs and interest from the date of judgment at the rate of 19 percent as provided by the note. The named defendant's law day of April 24, 1984, passed without any redemption. The final law day for all of the defendants, April 30, also passed without redemption and title vested in the plaintiff on May 1, 1984. The following encumbrancers with liens subsequent to the plaintiff's mortgage also failed to redeem their interests: the defendants Peter Shanley and Michael Fisher with a mortgage of $6900 dated January 27, 1983; the defendant Frank Scopetta with a mortgage of $10,000 dated January 25, 1983; and the defendant Yale-New Haven Hospital, Inc., with a judgment lien in the amount of $358.16 plus costs dated March 24, 1983.[1] The plaintiff filed for a deficiency judgment on June 1, 1984, and, thereafter, formal proceedings took place culminating in a supplemental judgment dated December 31, 1984. Based on an appraisal valuing the premises at $74,000, that judgment assessed a deficiency in favor of the plaintiff in the amount of $5685.29, plus a $150 appraiser's fee and a $100 attorney's fee.

The named defendant has appealed from the judgment raising the following errors: (1) the motion for the deficiency judgment was untimely; (2) the deficiency judgment was barred by the usury statutes; (3) prior tax and water liens should not have been deducted from the determined value of the premises; (4) the awarding of interest at the rate of 19 percent to April 30, 1984, was usurious; and (5) the awarding of additional

[1] The city of New Haven's claim in the premises by virtue of a lien for taxes on the list of October 1, 1981, in the amount of $899.07, is not affected by this action as it is an encumbrance of record prior in right to the plaintiff's lien.

appraiser's and attorney's fees in the supplemental judgment was improper.

General Statutes § 49-14 (a) provides in relevant part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment . . . ." The named defendant contends that her law day, plus thirty days, would have been May 24, 1984, and, therefore, that the plaintiff's motion for deficiency judgment dated June 1, 1984, was untimely.[2]

"[General Statutes § 49-14] is solely a provision for appraisal and deficiency proceedings *following* foreclosure. The initial determination of strict foreclosure has already taken place, as it must before the statute comes into play." (Emphasis in original.) *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563, 568, 409 A.2d 1020 (1979). " 'The plain object [of the statute] is to require a mortgage creditor, who appropriates the property in part payment only of his debt, to apply the actual value of the security to the debt before collecting any claimed deficiency,' and we therefore refer to it as a 'provision for fixing the actual value of the property as of the date of foreclosure, and for making that valuation a conclusive basis for determining the . . . amount of any claimed deficiency.' . . . Justice to all parties as well as the purpose of the statute dictates that the value of the property shall be appraised as of the date when title becomes absolute in the mortgagee." *People's Holding Co.* v. *Bray,* 118 Conn. 568, 571, 173 A. 233 (1934); *Staple* v. *Hendrick,* 89 Conn. 100, 103, 93 A. 5 (1915); *City Savings Bank of Bridgeport* v. *Miko,* 1 Conn. App. 30, 33, 467 A.2d 929 (1983).

As General Statutes § 49-14 (a) would not be triggered until title became absolute in the plaintiff as of May 1, 1984, the motion was timely filed.

---

[2] The named defendant does not argue that the plaintiff's motion for a deficiency judgment was not filed within thirty days of May 1, 1984.

The defendant further claims that the deficiency judgment was barred by the usury statute. General Statutes § 37-4 prohibits the loaning of money to any person at an interest rate greater than 12 percent per year and General Statutes § 37-8 prohibits actions to recover "principal or interest of any loan prohibited" by § 37-4. General Statutes § 37-9 (3), however, provides that the provisions of § 37-4 do not affect "any bona fide mortgage of real property for a sum in excess of five thousand dollars . . . ." The defendant claims that the exemption from the usury statute provided by § 37-9 (3) does not apply to a deficiency judgment, which is an unsecured claim for the balance of the money owed on the promissory note. The defendant argues, therefore, that the 19 percent interest rate on the principal balance is usurious as to any deficiency judgment, and that the provisions of General Statutes §§ 37-4 and 37-8 bar a deficiency judgment in this case.

Although the precise issue of whether the usury statute applies to a deficiency judgment has never been squarely decided by our Supreme Court, a careful reading of the precedents convinces us that it does apply. "The provision . . . first appearing in . . . 1902, permitting the court to enter a judgment for the deficiency between the debt and the appraisal, was obviously to do away with the necessity of bringing a separate action to satisfy the debt . . . ." *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 455, 190 A. 616 (1937). Mortgages have been exempted from usury statutes, leaving relief from the consequences of usury in foreclosure actions to the equity powers of the court. *Atlas Realty Corporation* v. *House,* 120 Conn. 661, 669–70, 183 A. 9 (1936). In dictum, the Supreme Court has stated: "Because of this exemption, the defense of usury is unavailable in a suit for foreclosure of the mortgage, even if the defense would be available in a suit upon the note if upon foreclosure of the mortgaged

property it was necessary to act upon a deficiency judgment." *Associated East Mortgage Co.* v. *Highland Park, Inc.,* 172 Conn. 395, 405, 374 A.2d 1070 (1977).

These cases clearly suggest that the deficiency judgment procedure, although procedurally a part of the foreclosure action, serves the separate function of providing for recovery on the balance of the note which was not satisfied by the strict foreclosure. The dictum of *Associated East Mortgage Co.* v. *Highland Park, Inc.,* supra, quoted above, recognizes that the deficiency judgment procedure is the functional equivalent of a suit upon the note, to which the usury statute would apply. We conclude, therefore, that usury is a defense in a deficiency judgment proceeding, and that the trial court was in error in precluding it. In some circumstances, a lender can evade the usury bar by showing that he had no intent to extract more than the lawful rate of interest. See, e.g., *Mutual Protective Corporation* v. *Palatnick,* 118 Conn. 1, 5, 169 A. 917 (1934). The circumstances of this case, however, preclude such a finding, and the plaintiff has not, in this appeal, suggested that she could make such a showing. The facts established in this record therefore require a conclusion that the usury statute bars the deficiency judgment sought by the plaintiff. Since this issue is dispositive of the appeal, it is unnecessary to consider the remaining issues.

There is error in part, the deficiency judgment is set aside and the case is remanded with direction to render judgment as on file except for the deficiency judgment.

In this opinion the other judges concurred.