[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The central issue in this case is the application of Connecticut's usury statutes.
The plaintiff, M.M.M. Mortgage Company, brings this suit to recover principal and interest due on a note signed by the defendant, Michael Franford. The defendant has raised as a special defense the claim that the note is unenforceable because the interest rate charged, eighteen percent, is in excess of the rate authorized by 37-4 C.G.S.
The plaintiff has denied the factual allegations of the special defense.
The court finds the facts to be as follows. M.M.M. Mortgage Company was incorporated in approximately 1986 for the purpose of arranging second mortgages. The sole shareholder of the plaintiff company is Attorney Edward Botwick. Mr. Botwick, who had known and done business with the defendant for many years, was approached by the defendant in 1987 and was asked to make him a loan in the amount of $50,000.00, to be secured by the defendant's one-quarter interest in a $500,000.00 mortgage in which Howe Street Associates Limited Partnership was the mortgagor.
No loan application was ever filled out. At the closing of the loan, on March 10, 1987 the defendant signed a note indicating his receipt of $50,000.00, less $2,250.00 for a payment due on March 10, 1987. The note provided for interest at CT Page 3418 the rate of eighteen percent per year and further provided that all payments received would be applied to interest charges during the first three months of the loan. The note provided for payment of the full amount by March 10, 1988.
Neither the note nor any other document received in evidence indicates whether the loan was for business or personal expenses. Mr. Botwick, the sole witness for the plaintiff, testified that the defendant told him he was having a cash flow problem in his real estate ventures and needed the loan to meet business expenses. The defendant testified that he did not tell Mr. Botwick what he planned to do with the money, and that he spent it on living expenses and other personal expenditures, including a car and jewelry.
The parties stipulated that, if the note were enforceable, by its terms $70,437.50 was due and unpaid as of the date of trial, March 4, 1993. This amount includes $50,000.00 in principal, $19,500.00 in interest and $937.50 in late charges. The note also provides for recovery of costs of collection, including a reasonable attorney's fee.
Section 37-4 C.G.S. prohibits any person, firm or corporation or agent thereof, other than a pawnbroker, from directly or indirectly loaning money to any person and charging interest greater than twelve percent per year.
The plaintiff urges that the loan at issue comes within one or more statutory exceptions to 37-4 C.G.S. Specifically, the plaintiff states that the loan was utilized in the defendant's business or investment activities and was not utilized for consumer purposes and that 37-4 C.G.S. was therefore inapplicable to the transaction. Pursuant to 37-9(4) C.G.S., "consumer purposes" are defined as "the utilization of funds for personal, family or household purposes, acquisitions or uses."
The plaintiff has not established by a preponderance of the credible evidence that the defendant used the proceeds of the loan for business purposes, rather than, as he testified, for living expenses and consumer purchases. No evidence was presented to establish the disbursement of the loan proceeds to any business purpose or even the deposit of the check into a business account. A party seeking to come within an exception to the usury statutes has the burden of proving the applicability of that exception. Maresca v. DeMatteo, 6 Conn. App. 691, 696
CT Page 3419 (1986); Mutual Protective Corporation v. Palatnick, 118 Conn. 1,5 (1934).
Nothing in the documentary evidence supports the allegation that the loan was restricted to business use, and the defendant testified that he used the money for purposes identified in37-9(4) C.G.S. as consumer purposes. If, indeed, the defendant was experiencing cash flow problems, he was as likely to use the proceeds of a loan for living expenses as for business expenses.
The loan has not been shown to have come within any other exception to 37-4. While 37-9 exempts "any bona fide mortgage of real property for a sum in excess of five thousand dollars," the transaction between the parties was not for a mortgage loan, and the fact that the security was the defendant's interest in a mortgage from another does not bring the transaction within this exception.
Section 37-4 C.G.S. bars recovery on the note.
Judgment shall enter in favor of the defendant, who shall recover his court costs.
Beverly J. Hodgson Judge of the Superior Court