ANTHONY FERRIGNO, TRUSTEE *v.* CROMWELL
DEVELOPMENT ASSOCIATES ET AL.
(15678)

O'Connell, Foti, Landau, Schaller and Hennessy, Js.

Argued November 7, 1996—officially released March 11, 1997

*William F. Gallagher*, with whom, on the brief, were *Kurt D. Koehler* and *Edward Krasnow*, for the appellant (plaintiff).

*Max Stuart Case*, with whom was *Leo J. McManus*, for the appellees (defendants).

O'CONNELL, J. The plaintiff, trustee of the Treeland Employees Profit Sharing Plan and Trust, appeals from the denial of his motion for a deficiency judgment following a judgment of strict foreclosure. The dispositive issue is whether, in a foreclosure action, the exception for mortgages under the usury statute applies in a subsequent deficiency proceeding. At our request, the parties briefed and argued the issue of whether *Maresca* v. *DeMatteo*, 6 Conn. App. 691, 506 A.2d 1096 (1986), should be overruled. We reverse the decision of the trial court.

The facts necessary for disposition of this appeal are as follows. On March 25, 1981, the defendant partnership borrowed $150,000 from the plaintiff at 18 percent interest and secured the loan with a mortgage on part-

nership property in Cromwell. The defendants defaulted in payment and the plaintiff instituted this foreclosure action. A judgment of strict foreclosure was rendered on April 26, 1995, and title vested in the plaintiff on October 27, 1995.

On November 14, 1995, the plaintiff filed a motion for a deficiency judgment pursuant to General Statutes § 49-14 (a).[1] The trial court denied this motion on the grounds that the loan was usurious under General Statutes § 37-4.[2]

Loans with interest rates in excess of 12 percent per annum are prohibited by General Statutes § 37-4 and as a penalty no action may be brought to collect principal or interest on any such prohibited loan. General Statutes § 37-8.[3] In addition to the civil forfeiture penalty, Connecticut law also provides a criminal penalty of a fine not to exceed $1000 or imprisonment for not more than six months or both, for making a usurious loan. General Statutes § 37-7.[4]

The mortgage in the present case would be clearly usurious except that General Statutes § 37-9 (3) expressly provides that the usury statute, § 37-4, shall not apply to "any bona fide mortgage of real property

[1] General Statutes § 49-14 (a) provides in pertinent part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. . . ."

[2] General Statutes § 37-4 provides in pertinent part: "No person . . . shall . . . directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum."

[3] General Statutes § 37-8 provides in pertinent part: "No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 37-4 . . . ."

[4] General Statutes § 37-7 provides in pertinent part: "Any person who . . . violates any provision of section 37-4, 37-5 or 37-6 shall be fined not more than one thousand dollars or imprisoned not more than six months or both."

for a sum in excess of five thousand dollars."[5] It is not disputed that the loan in the present case was secured by a bona fide mortgage for more than five thousand dollars.

Although the defendants did not plead usury as a defense in the main part of the foreclosure action, they now claim that a deficiency judgment is barred by the usury statute. In denying the motion for deficiency judgment, the trial court relied on our decision in *Maresca* v. *DeMatteo*, supra, 6 Conn. App. 695. In *Maresca*, we addressed for the first time whether the usury statute applied to a deficiency proceeding despite the exemption of the underlying mortgage pursuant to § 37-9 (3). We concluded that because the deficiency proceeding was merely an expeditious way to take action on the note without instituting a separate action, usury was available as a defense in this "functional equivalent of a suit upon the note." Id., 696.

Central to our decision in *Maresca* was the dictum in *Associated East Mortgage Co.* v. *Highland Park, Inc.*, 172 Conn. 395, 405, 374 A.2d 1070 (1977), that "[b]ecause of . . . [§ 37-9 (3)], the defense of usury is unavailable in a suit for foreclosure of the mortgage, even if the defense would be available in a suit upon the note if upon foreclosure of the mortgaged property it was necessary to act upon a deficiency judgment." Significantly, however, *Associated East Mortgage Co.* is a mortgage foreclosure case that did not involve a deficiency judgment.

The defendants rely on *Atlas Realty Corp.* v. *House*, 120 Conn. 661, 669–70, 183 A. 9 (1936). *Atlas Realty Corp.*, however, also did not involve a mortgage foreclosure and deficiency proceeding. The plaintiff in *Atlas*

---

[5] General Statutes § 37-9 provides in pertinent part: "The provisions of sections 37-4 . . . shall not affect . . . (3) any bona fide mortgage of real property for a sum in excess of five thousand dollars . . . ."

*Realty Corp.* abandoned its mortgage and sued solely on two promissory notes. A plaintiff who elected to sue solely on the notes may reasonably be found to have given up the protection of an equitable foreclosure action, but this is not authority for the application of the usury exception in the deficiency portion of a foreclosure action.

We do not lightly consider the possible overruling of one of our earlier decisions. Our Supreme Court has recently acknowledged the importance of the doctrine of stare decisis to our system of jurisprudence. *Conway* v. *Wilton*, 238 Conn. 653, 680 A.2d 242 (1996). It is axiomatic "that [a] decision of [an appellate court] is a controlling precedent until overruled or qualified. . . . [S]tare decisis . . . serve[s] the cause of stability and certainty in the law—a condition indispensable to any well-ordered system of jurisprudence . . . ." (Internal quotation marks omitted.) Id., 659. "[One] well recognized exception to stare decisis under which a court will examine and overrule a prior decision . . . [is when that prior decision] is clearly wrong. . . . The doctrine [of stare decisis] requires a clear showing that an established rule is incorrect and harmful before it is abandoned." (Internal quotation marks omitted.) Id., 660–61.

We revisit *Maresca* because later case law indicates that a deficiency proceeding has become more than simply a convenient way to pursue collection of a note; the deficiency proceeding is clearly part of the main foreclosure action. *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, 233 Conn. 153, 172, 659 A.2d 138 (1995); *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 207–208, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995).

This court unequivocally enunciated the connection between a deficiency proceeding and a foreclosure action in *Federal Deposit Ins. Corp.* v. *Voll*, supra, 38

Conn. App. 207–208. "As shown in the legislative history . . . deficiency proceedings are not, and never have been, independent actions on the debt. Rather, they are part of the main foreclosure suit. . . . A deficiency judgment proceeding is a part of the foreclosure action, but is distinct from, although dependent on, the common law, nonstatutory process of strict foreclosure. . . . It is complementary to, the traditional and equitable common law action. . . ." (Citations omitted; internal quotation marks omitted.) Id., 207.

"A deficiency proceeding is not an independent action because a request for a deficiency judgment in a foreclosure action is brought by written motion and not by service of process. . . . A deficiency judgment provides a means for a mortgagee to recover any balance due on the mortgage note that was not satisfied by the foreclosure judgment. . . . It is the only means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole." (Internal quotation marks omitted.) Id., 207–208. Furthermore, a deficiency proceeding has a very limited purpose. "In the hearing contemplated under § 49-14 to obtain a deficiency judgment, the court, after hearing the party's appraisers determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property." *First Bank* v. *Simpson*, 199 Conn. 368, 373, 507 A.2d 997 (1986). A deficiency proceeding is "not a separate statutory cause of action , but [is] a statutory procedure that is part of, and complementary to, the traditional and equitable common law action of strict foreclosure." *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, supra, 233 Conn. 172.

The rights and obligations of the parties are fixed at the time the mortgage note is executed. Accordingly,

an obligation that is not usurious at its inception cannot become usurious as a result of subsequent events. See 45 Am. Jur. 2d, Interest and Usury § 247 (1969). To hold otherwise would create chaos in the banking and allied money lending fields.

A lender must know at the time that a mortgage loan is made whether it is usurious. If usury is not determined until a deficiency is sought, a lender can make a usury free loan only if the mortgaged property does not decrease in value to less than the balance due on the loan. If the property's value decreases, the lender's right to recover on the loan would be limited to the decreased value of the property. This interpretation would nullify our deficiency judgment statute and have a chilling effect on lenders. We decline to interpret a statute to allow such difficult and possibly bizarre consequences. *Texaco Refining & Marketing Co.* v. *Commissioner of Revenue Services*, 202 Conn. 583, 593, 522 A.2d 771 (1987).

Equally significant is that making a usurious loan is a crime in Connecticut. If we did not determine usury when it was made, a loan, legal at its inception, would become a criminal act if, through the forces of the marketplace, the value of the mortgaged property dropped below the balance due on the loan and the mortgagee sought a deficiency. It is a fundamental principle of statutory construction that a statute that imposes criminal liability, must be strictly construed. *State* v. *Rogue*, 190 Conn. 143, 150, 460 A.2d 26 (1983).

We do not criticize the trial court for relying on *Maresca* v. *DeMatteo*, supra, 6 Conn. App. 691, because it was the controlling law at that time. Upon reexamination, however, we now believe that a mortgagor may not defend in a deficiency proceeding as if it were simply an action on an unsecured note. Instead, we hold that the exemption from the usury statutes for bona fide mortgages in excess of $5000 applies to the

underlying mortgage note. Accordingly, we now over-rule *Maresca* v. *DeMatteo*, supra, 691, insofar as it holds that usury is a defense to a deficiency judgment in a mortgage foreclosure in which the mortgage is exempt from the usury laws of this state. We do not reach the plaintiff's other claims.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.