[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Introduction and Factual Background
 A. On April 8, 1993, the plaintiff, Deanna E. Boone, filed an action in strict foreclosure against the defendant, Joseph N. Somers. See Boone v. Somers, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 523696. The plaintiff alleged that on December 21, 1989, the defendant executed a promissory note payable to the plaintiff in the principal amount of $133,350 together with interest. The terms required the defendant to pay periodic installments of principal and interest until December 21, 1994. To secure said note, the defendant mortgaged to the plaintiff real property situated in Marlborough, Connecticut. The defendant thereafter defaulted on periodic payments due on December 21, 1994.[1] To secure said note, the defendant mortgaged to the plaintiff real property situated in Marlborough, Connecticut. The defendant thereafter defaulted on periodic payments due December 21, 1991 and December 21, 1992, totaling $42,000.
On October 25, 1993, the court, Aurigemma, J., entered a judgment of strict foreclosure in favor of the plaintiff and set a law day for April 18, 1994. The court determined the amount of debt to be $45,150 and the value of the property to be $57,000.
On September 26, 1994, the plaintiff filed the present action against the defendant on the same promissory note alleging that the defendant "failed or neglected" to make monthly installment payments for 1993 as well as the principal payment due on December 21, 1993. At the time the complaint was filed, the defendant had not made any installment payments for 1994. The plaintiff also noted that she anticipated that the defendant will "fail and neglect" to pay the principal due on December 21, 1994 as well as the remainder of the monthly installment payments for CT Page 2445 1994. The plaintiff has demanded that the defendant pay all outstanding sums due and owing.
As a result of the default in payment, the plaintiff seeks to treat the entire unpaid balance of not less than $42,000 as immediately due and payable.
B.
On November 30, 1994, the defendant filed a motion to dismiss the present action maintaining that the plaintiff's action is barred under General Statutes § 49-1[2] and 49-14[3]. The defendant claimed that, with the exception of a deficiency judgment pursuant to General Statutes § 49-14, which the plaintiff failed to seek, General Statutes § 49-1 barred any further action on the mortgage debt after a judgment of strict foreclosure had been entered. The plaintiff countered that she could not proceed under General Statutes § 49-14 for a deficiency judgment in the original foreclosure action because there was no deficiency at that time. The plaintiff argued that as the promissory note did not contain an acceleration clause, she was limited to proceeding only on that portion of the debt which was outstanding at the time the action was commenced.
On March 29, 1995, the court, Wagner, J., denied the defendant's motion to dismiss. See Boone v. Somers, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket 705325 (March 29, 1995, Wagner, J.) (13 Conn. L. Rptr. 623). Recognizing that "it would have been preferable for the defendant to have raised the issue of the statutory bar as a special defense," the court nevertheless addressed the merits of the defendant's motion to dismiss. Id. Applying the rules of statutory construction, the court stated "we cannot interpret [General Statutes § 49-1] . . . as preventing the plaintiff from proceeding to obtain full payment of its debt when it did not have the opportunity to do so previously because installments of principal had not yet matured. Such a result would be inequitable and border on the bizarre. Id. "We interpret the statute as not barring further action on sums not yet due under the note at the time of foreclosure." Id.
On April 13, 1995, the defendant filed a motion to reargue and for articulation and reconsideration of the motion to dismiss. On May 15, 1995, the court, Wagner, J., denied the defendant's motion. CT Page 2446
On July 5, 1995, the defendant filed a motion to strike on the ground that plaintiff is "estopped from proceeding further based upon his failure to file for a Motion for Deficiency" pursuant to General Statutes §§ 49-1 and 49-14. On November 13, 1995, the court, Sheldon, J., denied the motion finding that "the grounds stated in this motion are not the proper grounds for a motion to strike, and in any event have previously been ruled upon adversely to the defendant.
On April 23, 1996, the plaintiff filed a motion for summary judgment and on August 6, 1996, the court, Lavine, J., granted the plaintiffs motion for summary judgment as to liability. Relying on Judge Wagner's March 29, 1995 decision, the court found that no genuine issue of material fact existed as to liability.
The plaintiff claimed the present action for a hearing in damages to the court, and at a hearing before this court, the defendant once again raised the argument that General Statutes §§ 49-1 and 49-14 barred the plaintiff's present action. This court requested that the parties submit briefs on this issue.
II. Discussion
A. 1.
"The law of the case . . . is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied . . . was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Internal quotation marks omitted.) State v. Arena, 235 Conn. 67, 80,663 A.2d 972 (1995); Breen v. Phelps, 186 Conn. 86, 99-100,439 A.2d 1066 (1982).
"New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . But a CT Page 2447 determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Citation omitted; internal quotation marks omitted.) Breen v. Phelps, supra, 186 Conn. 99.
2.
The court recognizes the thoughtful decision by Judge Wagner on the motion to dismiss, but this court respectfully disagrees with that ruling (as well as Judge Lavine's granting of summary judgment based upon Judge Wagner's decision).
This court first notes that the proper procedural method to raise the issue of whether General Statutes § 49-1 bars an action is by way of a special defense in an answer and not by way of a motion to dismiss. See Federal Deposit Ins. Corp. v. Napert-BoyerPartnership, 40 Conn. App. 434, 444-45, 671 A.2d 1303 (1996) (finding that a defendant who did not allege General Statutes § 49-1 as a special defense was prevented from asserting it at trial); see, e.g., Grant v. Bassman, 221 Conn. 465, 471-73 
n. 7, 604 A.2d 814 (1992) (stating that election of remedies should be pleaded as a special defense rather than by motion to dismiss). Accordingly, Judge Wagner could have denied the motion merely on procedural grounds. Thus, this court concurs with Judge Wagner's result in denying the motion to dismiss; it respectfully disagrees with the ruling that General Statutes § 49-1 is not a bar to the plaintiff's present action.
B. 1.
The defendant asserts that once judgment was entered in the strict foreclosure action, General Statutes § 49-1 precludes the plaintiff from pursuing an action upon the note and further asserts that the plaintiff's only recourse would have been to pursue a deficiency judgment pursuant to General Statutes §49-14. The plaintiff argues that General Statutes §§ 49-1 and49-14 do not apply because in the present case there was no acceleration clause thereby preventing the plaintiff from declaring the whole note due and owing. The common law rule, which remains in effect, requires a mortgagee to choose between CT Page 2448 an action at law for the amount due on the note or an action in equity by foreclosure on the mortgage. Federal Deposit Ins. Co.v. Voll, 38 Conn. App. 198, 206, 660 A.2d 358, cert. denied,235 Conn. 903 (1995). "It is well established that a mortgagee has two separate and distinct causes of action against a defaulting mortgagor. A mortgagee may pursue an action at law for the amount due on the promissory note, or it may pursue its remedy in equity and foreclose on the mortgage. . . . The mortgagee may also pursue both of these remedies simultaneously in one consolidated foreclosure suit. . . . The only restriction on the mortgagee's election of remedies is contained in General Statutes § 49-1. . . ." Id.
General Statutes § 49-1 states, in pertinent part, that [t]he foreclosure of a mortgage is a bar to any further actionupon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure. . . ." (Emphasis added.) General Statutes § 49-1. "The purpose of § 49-1 is to determine the rights between the parties in one action. People's Bank v.Bilmor Building Corp., 28 Conn. App. 809, $, 821,614 A.2d 456 (1992). "[T]o the extent that § 49-1 limits the mortgagee's remedies, it does so only after the entry of judgment in foreclosure." (Emphasis added.) Id.
"Under General Statutes § 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgageeon the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14." (Brackets omitted; emphasis added; internal quotation marks omitted.) Factor v. Fallbrook, Inc.,25 Conn. App. 159, 162, 593 A.2d 520 (1991); see also, New MilfordSavings Bank v. Jager, 44 Conn. App. 588, 595-96, A.2d 1997. General Statutes § 49-14 provides, in pertinent part, that "[a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. . . ." General Statutes § 49-14 (a).
"A deficiency judgment provides a means for a mortgagee to recover any balance due on the mortgage note that was not satisfied by the foreclosure judgment." People's Bank v. BilmorBuilding Corp., 28 Conn. App. 809, 822, 614 A.2d 456 (1992);Ferrigno v. Cromwell Development Associates, 44 Conn. App. 439,444, ___ A.2d ___ (1997). "It is the only means of satisfying a mortgage debt when the security is inadequate to make the CT Page 2449 foreclosing plaintiff whole. . . ." (Emphasis added; internal quotation marks omitted.) Ferrigno v. Cromwell DevelopmentAssociates, supra, 44 Conn. App. 444.
2.
According to the rules of statutory construction "[i]f the language of a statute is plain and unambiguous, [the court] . . . need look no further than the words actually used because [the court] . . . assume[s] that the language expresses the legislature's intent." Office of Consumer Counsel v. Dept. ofPublic Utility and Control, 234 Conn. 624, 642, 662 A.2d 1251
(1995) "It is a principal of statutory construction that a court must construe a statute as written. . . . Courts may not by construction supply omissions . . . or add exceptions merely because it appears that good reasons "exist for adding them. . . . The intent of the legislature, as this court has repeatedly observed, is to be found not in what the legislature meant to say, but in the meaning of what it did say. . . . It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature." Leo Fedus Sons Construction Co. v. Zone Board ofAppeals, 225 Conn. 432, 441, 623 A.2d 1007 (1993).
The language of General Statutes § 49-1 is both plain and unambiguous. General Statutes § 49-1 clearly states that "[t]he foreclosure of a mortgage is a bar to any further actionupon the mortgage debt, note or obligation. . . ." (Emphasis added.) General Statutes § 49-1. Except for a deficiency judgment remedy under General Statutes § 49-14, General Statutes § 49-1 specifically precludes further action on the "debt, note or obligation." See Federal Deposit Ins. Co. v. Voll,
supra, 38 Conn. App. 205 ("deficiency judgment [is] . . . the only available means of satisfying a mortgage debt when the security is inadequate to the make the plaintiff whole."). Aside from Judge Wagner's decision, no case law has been found to support the contention that General Statutes § 49-1 is not applicable to situations where the parties have failed to include an acceleration clause in their promissory notes.
If the legislature had not intended the bar contained in General Statutes § 49-1 to apply to situations such as the present, the legislature could surely have supplied such an exception. It is not the function of the court to create one. LeoFedus Sons Construction Co. v. Zone Board of Appeals, supra, CT Page 2450225 Conn. 441.
The plaintiff could simply have waited to foreclose and, instead sue only on the note; she did not. Since she elected to foreclose upon the mortgage, her only available remedy was to seek a deficiency Judgment pursuant to General Statutes § 49-14. She cannot now sue upon the note. It does not matter that the deficiency remedy may not have fully covered the total debt. It was the plaintiff who decided which path to follow; she took the wrong fork. It must be noted that when she initially obtained judgment, the property which she foreclosed was worth more than her debt[4] — a scenario which may have provided her with a windfall.
The result herein may well produce, at least from the plaintiff's position, an unfortunate result. It is not, however, a bizarre result. It was simply a wrong choice.
Judgment enters for the defendant for the above stated reasons.
BERGER, J.