[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved for summary judgment as to liability (#112). The defendants have moved for summary judgment (#111).
The plaintiff, Whaler Portfolio, L.L.C., filed a one count complaint on April 16, 1996, naming as defendants, Giovanni and Michela Quartarone, and Salvatore and Doreen Finocchiaro. The complaint alleges that on or about June 24, 1991, the defendants executed a mortgage note in favor of Sentinel Bank, in the amount of $17,421.86. The complaint further alleges that the FDIC was appointed receiver of the note on January 31, 1992, and that subsequently on March 7, 1995, the FDIC assigned the note to the plaintiff. The complaint alleges that the plaintiff made demand for payment on the note on March 24, 1995, after the defendants' failure to make timely payments on principal and interest. The defendants have allegedly failed to pay the amount due, damaging the plaintiff.
The defendants filed their answer and single special defense on July 25, 1996. The special defense asserts that the plaintiff cannot sue to recover monies owed on the note because the rate of interest set by the terms of the note is usurious. The plaintiff denied this special defense on August 20, 1996. CT Page 5321
On February 24, 1997, the defendants filed a motion for summary judgment (#111), arguing that the plaintiff cannot recover monies owed on the note because the note charges a usurious rate of interest. The defendants' motion was accompanied by a memorandum of law and a copy of the mortgage note in question (Exhibit A).
On March 6, 1997, the plaintiff filed a motion for summary judgment (#112), accompanied by a memorandum of law in support of its motion for summary judgment and in opposition to the defendants' motion. Also attached were: (1) documents from the Banking Commissioner; (2) an affidavit of William B. Buland, the Director of Asset Management for Union Financial Corp., general partner of Union Recovery Limited Partnership, which is a member of the plaintiff, who attests to knowledge of the transaction in question; and (3) a copy of the mortgage note.
On Mach 12, 1997, the defendants filed a supplemental memorandum of law in support of their motion for summary judgment.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claims by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) Hare v.McClellan, 234 Conn. 581, 587, 662 A.2d 1242 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way."Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe,Inc., 196 Conn. 529, 543, 494 A.2d 555 (1985).
Initially, the plaintiff had the option either to foreclose on the mortgage or to seek payment on the note. "[T]he plaintiff is entitled to pursue its remedy at law on the note, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, CT Page 5322 executed for different purposes and in this state action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit." WendellCorp. Trustee v. Thurston, 239 Conn. 109, 116, 680 A.2d 1314
(1996).
The defendants' motion for summary judgment (#111) argues that the plaintiff cannot collect on the note because the note charges a usurious rate of interest, in violation of General Statutes §§ 37-4 and 37-8. Connecticut's usury law is found at General Statutes § 37-4, which provides: "No person and no firm or corporation or agent thereof . . . shall, as guarantor or otherwise, directly or indirectly, loan money to any person and directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum." General Statutes § 37-8 prohibits an "action . . . brought to recover principal or interest, of any part thereof, on any loan prohibited by section[s] 37-4 . . . ."
General Statutes § 37-9 exempts certain loans from the general usury law. Relevant to the parties' arguments, exempt loans include: (a) those made by any "state or federal savings bank incorporated under the laws of [Connecticut]"; General Statutes § 37-9 (2)(A); (b) "any bona fide mortgage of real property for a sum in excess of five thousand dollars"; General Statutes § 37-9 (3); or (c) loans for non-consumer purposes in excess of $10,000. General Statutes § 37-9 (4). "A party seeking to come within an exception to the usury statutes has the burden of proving the applicability of that exception." M.M.M.Mortgage Co. v. Franford, Superior Court, judicial district of New Haven at New Haven, Docket No. 318987 (April 8, 1993, Hodgson, J.), citing Maresca v. DeMatteo, 6 Conn. App. 691, 696,506 A.2d 1096 (1986).
The defendants argue that although the loan falls under the bona fide mortgage exception to the usury law; General Statutes § 37-9 (3); this exception only permits foreclosure on a usurious note, but does not authorize direct collection on the note itself if usurious. The plaintiff argues that the note in question is exempt from the usury laws, pursuant to General Statutes §§ 37-9 (2)(A) and 37-9 (4); because the loan was made by a state bank and was for commercial, non-consumer purposes. The plaintiff further argues that the loan cannot be made usurious by any subsequent transfer of the note from the CT Page 5323 original lender. The court will address the three exemptions to the usury law as raised by the parties.
(a) Loan by any state or federal savings bank
The plaintiff argues that the loan is exempt from the prohibition against usury because the original lender of the note was a state bank, thus falling under the exemption in General Statutes § 37-9 (2)(A). See also State National Bank v.Cohen, 32 Conn. Sup. 245, 246, 349 A.2d 729 (1975) (quoting and applying General Statutes § 37-9 (2)(A) to a federally chartered bank). The plaintiff has demonstrated that the note was originally executed in favor of Sentinel Bank, a state bank and trust company; (See Exhibit 1, Final Certificate of Authority, signed by the Banking Commissioner); and that this bank was declared insolvent, whereupon the FDIC was named receiver. (See Exhibit 1, Letter from the Banking Examination Division to Marlene C. Febeo, dated November 18, 1996.) The defendants have not submitted any evidence to demonstrate the existence of any genuine issue of material fact as to the original lender's status as a state bank. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claims by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue (Citations omitted; internal quotation marks omitted.) Harev. McClellan, supra, 234 Conn. 587. Therefore the plaintiff has met its burden in demonstrating the applicability of the state bank exemption to the usury law contained in General Statutes § 37-9 (2)(A).
Subsequent transfers of this note to the FDIC as receiver and to the plaintiff through assignment do not bring the loan under the usury laws. "The rights and obligations of the parties are fixed at the time the mortgage note is executed. Accordingly, an obligation that is not usurious at its inception cannot become usurious as a result of a subsequent event . . . A lender must know at the time that a mortgage loan is made whether it is usurious." Ferrigno v. Cromwell Development associates,44 Conn. App. 439, 442, ___ A.2d ___ (1997).
Accordingly, the plaintiff's motion for summary judgment is granted as to liability on the ground that the note is exempt from the usury law because the lender was a state bank. Although this is dispositive of the motion before the court, the court CT Page 5324 will address the other two exemption arguments raised by the parties.
(b) Loan for non-consumer purposes in excess of $10,000
The plaintiff further argues that the mortgage is exempt from the usury laws pursuant to General Statutes § 37-9(4) because the loan was for commercial, rather consumer purposes. "Consumer purposes are defined as the utilization of funds for personal, family or household purposes, acquisitions or uses." M.M.M.Mortgage Co. v. Franford, supra, Docket No. 318987, citing General Statutes § 37-9(4) (holding that the loan did not come under any exception to the usury law upon finding that the plaintiff did not establish by a preponderance of the evidence that the defendant used the proceeds of the loan for business purposes and that the loan itself did not indicate whether it was for business or personal expenses). In that (1) the note itself is titled "Commercial Mortgage Note"; and (2) the defendants have not presented any evidence that raises a genuine issue of material fact as to whether the loan was used for consumer rather than commercial purposes, the plaintiff has demonstrated that applicability of commercial loan exception to the usury law as provided in General Statutes § 37-9 (4). On this ground, also the plaintiff's motion for summary judgment would be granted.
(c) Bona Fide Mortgage Exception
General Statutes § 37-9 (3) exempts from the usury law "any bona fide mortgage of real property for a sum in excess of five thousand dollars." As a result, the defense of usury is not available in mortgage foreclosure actions; see Associated EastMortgage Co. v. Highland Park, Inc., 172 Conn. 395, 405 (1977); or in actions for a deficiency judgment. See Ferrigno v. CromwellDevelopment Associates, supra, 44 Conn. App. 442 (overruling the holding in Maresca v. DeMatteo, 6 Conn. App. 691, 506 A.2d 1096
(1986) "insofar as it holds that usury is a defense to a deficiency judgment in a mortgage foreclosure in which the mortgage is exempt from the usury laws of this state.")
However, the defense of usury is available in actions taken on the note itself in lieu of foreclosure. "But the fact that the mortgage was valid would not permit an action on the note apart from the mortgage if, regarded by itself, the note was usurious."Manchester Realty Co. v. Kanehl, 130 Conn. 552, 554, 36 A.2d 114
(1944). See also Atlas Realty Corp. v. House, 120 Conn. 661, 670, CT Page 5325183 A. 9 (1936) (stating, "to include within the exception [to the usury law] an action on the note alone would enable a usurer, by taking a mortgage securing his loan and then ignoring it and bringing action on the note alone, to defeat the predominant purpose of these statutes.")
Despite the accuracy of the defendants' proposition that the mortgage exception to the usury statute does not apply to actions on the note itself in lieu of foreclosure, the defendants have failed to demonstrate convincingly the applicability of the bona fide mortgage exception over the exceptions pursuant-General Statutes §§ 37-9 (2)(A) (state bank lender); or 37-9 (4) (commercial loan). As the statute provides a list of available exceptions to the usury law and the plaintiff has met its burden in proving the applicability of the state bank lender and/or commercial loan exemptions, the case law holding that the bona fide mortgage exception is not applicable to actions to collect on notes is not dispositive to the outcome of this case.
CONCLUSION
For the reasons as stated the plaintiff's motion for summary judgment (#112) as to liability is granted. The defendants' motion for summary judgment (#111) is denied.
Hennessey, J.