[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO REOPEN
This matter arises on the post judgment motion of the Plaintiffs, Helmut and Michelle Steiner, to reopen the judgment of the Court (Arena, J.) entered in this case on July 21, 1997 in accordance with a Stipulation for Judgment dated April 10, 1997 (the "Stipulation") signed by Plaintiffs' then counsel and counsel for the Defendant.[1] The Plaintiffs assert that they were unaware of and did not consent to this Stipulation and judgment, and now wish to make additional claims against the Defendant.
Relevant underlying facts are set forth in Steiner v.Middlesex Mutual Assurance Co., 44 Conn. App. 415 (1997). On August 18, 1992 the Plaintiffs' residence located in Westport, Connecticut was extensively damaged by fire. The Defendant, Middlesex Mutual Assurance Company, had issued to the Plaintiffs a homeowners insurance policy insuring their residence against loss or damage by fire. When the parties were unable to agree on the value of the loss or damage, me issue was submitted to me appraisal process provided under the policy.
An initial appraisal award was rendered on May 3, 1993 (the "First Appraisal").[2] This award was not appealed. However, this appraisal was limited in that it did not take into account any necessary code upgrades in the undamaged areas of the premises. After completion of the First Appraisal, it was determined that the undamaged portion would have to be upgraded to meet Westport code requirements.
The Plaintiffs commenced this action by complaint dated August 13, 1993 for a "declaratory judgment determining whether the defendant is liable for the cost of code updates incurred in repairing and rebuilding the premises, as well as, additional living expenses as a result of the inhabitability of the premises until such repairing and rebuilding is complete," and for a "valuation [and] payment for the loss as established."
The issue was again submitted to appraisal under the policy. A second appraisal was rendered on September 14, 1995 (the "Second Appraisal") in which the values were reset to include code upgrades in both damaged and undamaged areas.[3] The CT Page 651 Second Appraisal award set a total replacement value inclusive of demolition of $1,652,017.78, noted that $793,458.10[4]
represents the replacement cost value "for this portion of the appraisal" and increased the actual cash value of the building inclusive of code upgrades to $991,210.62.
On September 15, 1995, the Plaintiffs filed a motion to confirm the Second Appraisal award. The Defendant filed a limited objection on the ground that it was not necessary to determine the actual cash value of the building subsequent to its replacement and restoration in accordance with code upgrades.
On February 23, 1996, the Court (Stanley. J.) entered judgment in this case confirming the award "to the extent that it provides a determination of respective cash and replacement cost values." The Defendant appealed.
On appeal, the Appellate Court reversed and remanded "with direction to render judgment vacating the appraisers' award of September 14, 1995, and for further proceedings to determine the cost of the code upgrades in the undamaged areas." Steiner v.Middlesex Mutual Assurance Company, supra, 44 Conn. App. 439. On June 9, 1997, the Court (Stanley, J.) entered judgment in accordance with the decision of the Appellate Court. On April 10, 1997, however, counsel had entered into the subject Stipulation providing "that the portion of the Second Appraisal Award, which recalculated the actual cash value of the property and loss and damage may be set aside and vacated and that as so modified judgment may enter confirming the appraisal awards." On July 21, 1997, the Court (Arena, J.) opened the foregoing judgment and entered the present judgment in accordance with the Stipulation.
The Plaintiffs have filed a timely motion to reopen the judgment claiming that they did not consent to the stipulation. In particular, the Plaintiffs assert that they have obtained new counsel and now wish to assert additional claims against the Defendant. A timely motion to open and vacate a judgment is addressed to the court's discretion, "and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of discretion." Gillis v. Gillis,214 Conn. 336, 340 (1990). A judgment rendered upon consent of the parties is "in the nature of a contract to which the court has given its approval." Kenworthy v. Kenworthy, 180 Conn. 129,131 (1980). It "is just as conclusive as if it had been rendered after a full trial." Gillis v. Gillis, supra. CT Page 652
A stipulated judgment may be set aside if an actual absence of consent can be shown. Acheson v. White, 195 Conn. 211 (1985). "An attorney who is authorized to represent a client in litigation does not automatically have implied or apparent authority to settle or otherwise to compromise the client's cause of action." Id., 213 n. 4.
This Court held an evidentiary hearing on Plaintiffs' motion on December 23, 1997. The Plaintiff Helmut Steiner was present and testified. At the outset, the parties (through their respective counsel) orally stipulated and agreed on the record to the following:
1. The Plaintiffs have been paid the $864,000 actual cash value awarded in the First Appraisal.
2. Recently, the Defendant paid the Plaintiffs an additional $60,000, a portion of which may or may not apply to cash value or reconstruction value.
3. There remains undistributed pursuant to the appraisal awards and subject to the applicable policy provisions, the sum of $788,017.78 (less the applicable portion, if any, of the foregoing $60,000 recently paid). This is determined by subtracting the foregoing $864,000 actual cash value paid from the $1,652,017.78 total replacement value set in the Second Appraisal award.
4. The cost of code upgrades in the undamaged areas in $793,458.16. This is determined by subtracting from the foregoing $1,652,017.78 total replacement value the sum of $858,559.62 replacement value including code upgrades for the damaged portion of the building awarded in the First Appraisal.
This stipulation and agreement, made in open court at this hearing, clarifies the subject April 10, 1997 Stipulation upon which the subject July 21, 1997 judgment was entered, and provides the actual monetary amounts implicitly specified therein.[5] Accordingly, the subject Stipulation and judgment at issue clearly comply with the Appellate Court remand.
It was clear from the testimony at this hearing of the Plaintiff Helmut Steiner, and from the parties' foregoing clarifying stipulation and agreement, that the Plaintiffs do not CT Page 653 contest the authority of their then counsel to have so complied with the remand. The alternative would have been further proceedings at additional cost to accomplish the same result.
The gist of the Plaintiffs' position is their wish to file in this action an entirely new complaint containing new claims and causes of action, apparently stemming from matters or disputes arising subsequent to the appraisal awards. This they cannot now do. Plaintiffs did not appeal from either the First or Second Appraisal awards. This action has gone to judgment. It has only been returned to this Court for the limited purpose of compliance with the Appellate Court remand. That has been done. This Court cannot exceed the remand direction. Nowell v. Nowell,163 Conn. 116, 121 (1972).
The motion is denied.
DAVID L. FINEBERG JUDGE OF THE SUPERIOR COURT