[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 4, 1998, the plaintiff timely filed a motion for deficiency judgment against the Lockerys for the remaining debt of $4,457.20. This was granted on June 27, 1998 the court awarding attorney fees plus additional costs in the amount of $1,000.00. The Lockerys now move to reargue the plaintiff's motion for deficiency judgment on the grounds that § 49-14
does not permit a foreclosing condominium association to obtain a deficiency judgment after the mortgagee has redeemed the condominium unit in question.
The court grants the motion to reargue as there was no objection to the motion.
"Liens for delinquent common expenses on individual units within an association are creatures of statute. Section 47-258(a) provides: The association has a statutory lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes delinquent." Hudson House Condominium Assn., Inc. v. Brooks,223 Conn. 610, 614, 611 A.2d 862 (1992). Furthermore, pursuant to General Statutes § 47-258(j), a condominium association may initiate foreclosure proceedings in order to recover unpaid common expenses. General Statutes § 47-258(j) provides in pertinent part: "The association's lien may be foreclosed in like manner as a mortgage on real property." Based upon the plain language of the statute, the holder of an association lien, like a mortgagee, may initiate foreclosure proceedings to collect the outstanding debt. In the present case, the plaintiff, the association, brought this suit seeking foreclosure on its lien. This court subsequently granted the plaintiff's motion for strict foreclosure. The mortgagee redeemed the condominium by paying the CT Page 13212 association's priority lien, (see General Statutes § 47-258(b)) however the total amount in unpaid common expenses excluded this amount, thus the plaintiff sought a deficiency judgment which this court granted.
The Lockerys argue that the circumstances of this case do not permit a deficiency judgment pursuant to General Statutes § 49-14. General Statutes § 49-14(a) provides in pertinent part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." In support of their motion, the Lockerys rely upon the discussion of association deficiency judgments in D. Caron, Connecticut Foreclosures § 12.07 (3rd. Ed. 1997) which states that an association may not obtain a deficiency judgment for unpaid common expenses. But that section does not cite any binding authority to support the proposition and the trial court decision that is cited, WoodlakeCondominium Association No. 1, Inc. v. Adler, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 122878 (December 7, 1995, West J.) (15 CONN. L. RPTR. 499), has been criticized by a subsequent decision as discussed below:
A deficiency proceeding is not a separate statutory cause of action, but is a statutory procedure that is part of, and complementary to, the traditional and equitable common law action of strict foreclosure . . ." Ferrigno v. Cromwell DevelopmentAssociates, 44 Conn. App. 439, 444, 689 A.2d 1150 (1997), aff'd244 Conn. 189, 708 A.2d 1371 (1998). Therefore, the plaintiff's motion for deficiency judgment is part of the foreclosure proceeding that it may pursue in accordance with § 47-258(j).
Two recent trial court decisions Woodlake CondominiumAssociation No. 1, Inc. #1 v. Adler, supra, 15 CONN. L. RPTR. 499
and Linden Condominium Association, Inc. v. McKenna, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 555852 (October 28, 1997, Freed, J.)20 CONN. L. RPTR. 532), addressed the issue of whether a condominium association could receive a deficiency judgment for unpaid common expenses. In Woodlake the plaintiff, a condominium association, initiated a foreclosure proceeding to recover unpaid common expenses. Then senior mortgagee redeemed the property by paying the plaintiff's six month's statutory lien, and subsequently the plaintiff filed a motion for deficiency judgment to recover the remaining unpaid common expenses. The trial court denied the plaintiff's motion holding that the rationale allowing deficiency judgments is to CT Page 13213 make the foreclosing plaintiff's recovery of the entire mortgage debt where the value of the premises being foreclosed is less than the debt. The court found that the plaintiff association's deficiency was not created due to the inadequate value in the premises, but instead if the deficiency arose from the fact that § 49-258(b) provided the plaintiff with a lien for the association fees. Woodlake Condominium Association No. 1. Inc. #1v. Adler, supra, 15 CONN. L. RPTR. 500. Therefore, the court held that the mathematical calculations association with the plaintiff's motion for a deficiency had nothing to do with the value of the premises. Id. The Woodlake court suggested that § 49-14 may apply to § 47-258 when the plaintiff acquires title in the foreclosure procedure, but in Woodlake the plaintiff neither acquired title nor did the value bear any relation to the claimed deficiency. Id. The trial court in Woodlake reasoned that it would be inappropriate for it to follow the Supreme Court's holding in Fairfield Plumbing and Heating Supply Corporation v.Kosa, 220 conn. 463, 600 A.2d 1 (1991), where the court granted the foreclosing plaintiff's (judgment lien holder) motion for a deficiency judgment, because the plaintiff in Fairfield acquired legal title in the property without any redemption by the senior encumbrancer. Id.
More recently in Linden Condominium Association, Inc. v.McKenna, the plaintiff, a condominium association, brought a separate action to collect unpaid common expenses where in the prior foreclosure action the plaintiff had been denied its motion for a deficiency judgment due to untimely filing. The court inLinden first concluded that § 49-14 applied to the plaintiff's action. Linden Condominium Association, Inc. v.McKenna, supra 20 CONN. L. RPTR. 533. The court criticized theWoodlake decision and found that the Woodlake court ignored a related Appellate Court decision, Factor v. Fallbrook, Inc.,25 Conn. app. 159, 593 a.2d 520, cert. denied, 220 Conn. 908,597 a.2d 332 (1991), where the court required the plaintiff, a second mortgagee, to avail himself of a deficiency judgment or it would be barred from pursuing any other action on the mortgage debt.Id., 163. The plaintiff in Factor had not acquired title to the property in question however, since the plaintiff was the foreclosing party the court found that it could receive a deficiency judgment. Id. In Factor the Appellate Court citedFirst Bank v. Simpson, 199 Conn. 368, 507 A.2d 997 (1986), the court in First Bank specifically held that § 49-14 applies to the foreclosing party only. Id., 373. CT Page 13214
Also, in Linden the trial court discussed the distinctions between a mortgage and judgement lien, noting that the land provides security for the underlying mortgage debt as opposed to a judgment lien where the attached property is usually unrelated to the debt. Linden Condominium Association. Inc. v. McKenna, supra 20 Conn. 1. Rptr. 533. The judgment is merely a change upon the land and does not vest title in the lien holder, so based upon those distinctions an association statutory lien is more like a judgment lien than a mortgage. Id. Therefore, the Linden
court followed the rationale of the Supreme Court in Fairfield in view of the Appellate Court in Factor, since judgment liens and statutory liens are so similar, a holder of an association lien should be entitled to a deficiency judgment as is judgment lien holder whether the association lien holder acquires title or not.Id., 534.
Neither the Supreme Court nor Appellate Court has reviewed a case directly on point. The trial court in Linden however, provides a good synopsis and a more complete review of the relevant decisions. The Appellate court in Factor held that although a second mortgage had not acquired title through foreclosing, nonetheless, it was still entitled to a deficiency judgment as a foreclosing party. The Supreme court in Fairfield
allowed a judgment lien holder to acquire a deficiency judgment as a foreclosing party and in First Bank specifically held that § 49-14 applies only to the foreclosing party.
Accordingly the plaintiff in this case was properly granted a deficiency judgment and the defendant's motion to reargue does not avail him because the plaintiff, the foreclosing party has properly proceeded with a foreclosure pursuant to § 47-258(j) and has the benefit of a deficiency judgment pursuant to § 49-14
Donald W. Celotto Judge Trial Referee