[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
Plaintiffs-applicants appealed an action of the defendant, Town of Plainville Board of Tax Review (the "board"). The underlying facts which give rise to this appeal are not disputed. On October 1, 1993, the Plainville Town Assessor valued the plaintiffs' land located at 338 East Street in Plainville at $140,000.00 and the building thereon at $404,880.00. Contesting this assessment, the plaintiffs, on February 17, 1994 filed a petition to the board for a correction of the assessed value.
On February 28, 1994, following a hearing on this matter, the board determined that the assessment was appropriate. On April 29, 1994, the plaintiffs filed the present appeal. The defendant now moves to dismiss this appeal on the ground that it was not commenced in a timely fashion. Both parties have filed memoranda of law in support of their respective positions on this issue.
General Statutes § 12-118 provides, in relevant part, that "any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list . . . may, within two months from the time CT Page 8906 of such action, make application, in the nature of an appeal therefrom, to the superior court . . . ." In the present case, the board's decision was rendered on February 28, 1994 and the plaintiffs filed their appeal on April 29, 1994. The determination that must be made is whether this was timely pursuant to General Statutes § 12-117a.
"It is well settled that the day of the act from which a future time is to be ascertained is to be excluded from the computation." Lamberti v. Stamford, 131 Conn. 396, 397-98
(1944). Excluding the date of the board's decision, the first full date of the two-month period was March 1, 1993. SeeInfante v. Porath, 29 Conn. App. 465, 468 (1992).
Two months, as that term is used in General Statutes § 12-117a, refers to two calendar months. General Statutes § 1-1(i); see also Krajniak v. Wilson, 157 Conn. 126, 130 (1968). "A period of time of one calendar month, if the first day of that period is the first day of the calendar month, would terminate at the end of the last day of that calendar month . . . . The same rule applies where the period, as here, consists of several months." Id.
Applying these precepts in the present case, the two-month period began to run on March 1, 1994 and expired on April 30, 1994. The plaintiffs commenced this appeal on April 29, 1994. This was clearly within the two month period specified in General Statutes § 12-117a.
The defendant's Motion To Dismiss is denied. The plaintiffs' Objection to Defendant's Motion to Dismiss is sustained.
LEONARD W. DORSEY STATE TRIAL REFEREE