[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, The West Hartford Foundation, Inc. appeals from a decision of the defendant Town of West Hartford Board of Tax Review (the "board"). The underlying facts which give rise to this appeal are not disputed. On October 1, 1993, the West Hartford Town Assessor valued the plaintiffs' land located at 134 Davenport Road in West Hartford at $167,160.00. Contesting this assessment, the plaintiff filed a petition to the board for a correction of the assessed value.
On April 1, 1994, following a hearing on this matter, the board determined that the assessment was appropriate. On June 1, 1994, the plaintiffs filed the present appeal. The defendant now moves to dismiss this appeal on the ground that it was not commenced in a timely fashion. Both parties have filed memoranda of law in support of their respective positions on this issue.
General Statutes § 12-117a provides, in relevant part, that "any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court. . . ." In the present case, the board's decision was rendered on April 1, 1994 and the plaintiff filed its appeal on June 1, 1994.[1] The determination that must be made is whether this was timely pursuant to General Statutes § 12-117a.
"It is well settled that the day of the act from which a future time is to be ascertained is to be excluded from (1944). Excluding the date of the board's decision, the first full date of the two-month period was April 2, 1994. See Infantev. Porath, 29 Conn. App. 465, 468 (1992).
Two months, as that term is used in General Statutes § 12-117a, refers to two calendar months. General Statutes § 1-1(i); see also Krajniak v. Wilson, 157 Conn. 126, 130 (1968). In Krajniak, the Court, in construing a "months long" period of time, stated that "if the first day of the period is other than the first day of the month, such as [April 2] . . . the period of one month would terminate at the end of [May 1] rather CT Page 8908 than at the end of [May 2]. The same rule applies where the period, as here, consists of several months." Id.
Applying these precepts in the present case, the two-month period began to run on April 2, 1994 and expired on June 1, 1994. The plaintiff commenced this appeal on June 1, 1994. This was within the two month period specified in General Statutes § 12-117a.
The defendant's Motion To Dismiss is denied. The plaintiffs' Objection to Defendant's Motion to Dismiss is sustained.
LEONARD W. DORSEY STATE TRIAL REFEREE