FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER *v.* GAIL CONNELLY PELLECHIA ET AL.
(13550)

DUPONT, C. J., and HEIMAN and SCHALLER, Js.

Argued January 13—decision released April 4, 1995

*Mary C. Duffy,* with whom were *Ann M. Siczewicz* and, on the brief, *Stuart D. Rosen,* for the appellant (plaintiff).

*David Eric Ross,* for the appellee (named defendant).

SCHALLER, J. The plaintiff, First Federal Savings and Loan Association of Rochester (First Federal),

appeals from the judgment of the trial court denying its motion for a deficiency judgment pursuant to General Statutes § 49-14 (a).[1] We affirm the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. The plaintiff began a foreclosure action against the defendants[2] in May, 1991. On December 2, 1991, the trial court rendered judgment of strict foreclosure in favor of the plaintiff, and set a law day of December 23, 1991, for the defendant, as owner of the equity of redemption. Title to the premises vested in the plaintiff on December 24, 1991. On January 23, 1992, the plaintiff filed its motion for a deficiency judgment. The defendant objected to the plaintiff's motion, and the trial court sustained the defendant's objection and denied the motion on March 27, 1992. The plaintiff appealed from the denial of its motion for a deficiency judgment. We reversed and remanded the case to the trial court for further proceedings. *First Federal Savings & Loan Assn. of Rochester* v. *Pellechia*, 31 Conn. App. 260, 624 A.2d 345, cert. denied, 227 Conn. 923, 632 A.2d 701 (1993).[3]

On remand, the plaintiff reclaimed its motion for a deficiency judgment. The defendant objected to the motion, asserting that the motion was untimely under § 49-14 (a). On April 12, 1994, the trial court sustained the defendant's objection and denied the plaintiff's motion for a deficiency judgment, concluding that the

---

[1] General Statutes § 49-14 provides in relevant part: "(a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. . . ."

[2] The defendant Harold R. Connelly is the record owner of the subject property by virtue of a quitclaim deed from the named defendant. As used in this opinion, the term defendant refers to the named defendant.

[3] In the first appeal, we held that a typographical error in the docket number on the plaintiff's motion for a deficiency judgment was a circumstantial defect and did not negate the filing of the motion on January 23, 1992.

motion was untimely under § 49-14 (a). The plaintiff appeals from this determination.

The plaintiff claims that the trial court improperly denied its motion for a deficiency judgment and sustained the objection of the defendant in violation of § 49-14 (a). We disagree.

The issue presented on appeal is whether the thirty day period for filing a motion for a deficiency judgment is calculated from the last law day, in this case December 23, 1991, or the day on which title vests, December 24, 1991. We conclude that the statute clearly and unambiguously provides that the critical time is the day of "expir[ation]" or the end of the time limited for redemption—the last law day, namely, December 23, 1991.

"A basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, there is no room for construction." (Internal quotation marks omitted.) *State* v. *Genotti*, 220 Conn. 796, 807, 601 A.2d 1013 (1992); *Nichols* v. *Warren*, 209 Conn. 191, 196, 550 A.2d 309 (1988). Section 49-14 (a) provides in relevant part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." The statute is clear on its face that the expiration of the time limited for redemption is the event that activates the thirty day period within which to file for a deficiency judgment.

The word "after" means "[l]ater, succeeding, subsequent to, inferior in point of time or of priority or preference. Subsequent in time to." Black's Law Dictionary (6th Ed. 1990). According to the statute, the thirty day period within which to file a motion for a deficiency judgment begins to run "after" the redemption period has ended. The time limited for redemption expired at midnight on December 23, 1991. Because

the redemption period expired on December 23, 1991, the period within which to file a deficiency judgment commenced on the following day, December 24, 1991.

"The word within [as used in § 49-14 (a)] is of critical importance. The meaning of within is not longer in time than; Webster's New International Dictionary (2d Ed.); not later than; 69 C.J. 1315; 45 Words & Phrases (Perm. Ed.), p. 378. The word within is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended." (Internal quotation marks omitted.) *Royce* v. *Freedom of Information Commission*, 177 Conn. 584, 586–87, 418 A.2d 939 (1979). No different meaning was intended in § 49-14 (a). The statute clearly identifies the day on which the time limited for redemption expires as the activating day.

The plain language of § 49-14 (a) requires that December 23, 1991, the date on which the time limited for redemption expired, be excluded from the calculation, and the following day, December 24, 1991, be counted as the first day of the thirty day period. "It is well settled that the day of the act from which a future time is to be ascertained is to be excluded from the computation." *Infante* v. *Porath*, 29 Conn. App. 465, 468, 615 A.2d 1073 (1992), citing *Lamberti* v. *Stamford*, 131 Conn. 396, 397–98, 40 A.2d 190 (1944). Under § 49-14 (a), "the day of the act from which a future time is to be ascertained" or the activating day is the day on which the time limited for redemption expired. Any party to a mortgage foreclosure, therefore, may file a motion for a deficiency judgment at any time within thirty days after the last day for redemption has expired. In this case, excluding the day on which the time limited for redemption expired, the first full day of the period was December 24, 1991, and the final day was January 22, 1992.

This determination is consistent with Connecticut case law interpreting similar statutory time limitations. In *Lamberti* v. *Stamford,* supra, 131 Conn. 396, for example, the statute at issue, General Statutes (1930 Rev.) § 1420, provided that a person injured by means of a defective road must provide written notice of the injury to the city clerk "within ten days thereafter." Id., 397. Relying on the rule that "the day of the act from which a future time is to be ascertained is to be excluded from the computation," the court excluded the day of the injury, December 15, and fixed the tenth day thereafter, December 25, as the final day on which valid notice could have been filed with the clerk. Id., 397–98.

Further support for our interpretation is found in *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 3, 363 A.2d 1386 (1975), which involved the interpretation of the time limitation under General Statutes (Rev. to 1975) § 16-35. That statute required that an appeal be taken "within thirty days after the filing of such order" by the commission. General Statutes (Rev. to 1975) § 16-35. In calculating the thirty day period, our Supreme Court excluded the day on which the commission filed its order, December 19, thereby holding that this was the activating day, and the calculation began with the following day. The thirtieth day fell on January 18, thus, the filing on January 20 was untimely. Id., 3.

Two cases, *Royce* v. *Freedom of Information Commission,* supra, 177 Conn. 584, and *Hanson* v. *Dept. of Income Maintenance,* 10 Conn. App. 14, 521 A.2d 208 (1987), interpreting the limitations period of General Statutes (Rev. to 1977 and Rev. to 1985) § 4-183 (b)[4] provide additional support for our interpre-

---

[4] General Statutes (Rev. to 1985) § 4-183 provides in relevant part: "(b) . . . . Copies of the petition shall be served upon the agency and all

tation of the limitations period in this case. In *Royce,* the date of mailing of the notice of the final decision was October 13, 1977. Our Supreme Court held that "[a]ccordingly, October 13, 1977, is the date to be used as the basic starting point for determining the critical issue of whether service was made 'within thirty days after mailing of the final decision of the agency.' " *Royce* v. *Freedom of Information Commission,* supra, 586. Consequently, the court concluded that service on November 14, 1977, would have been too late, because thirty-one days would have elapsed. In *Hanson* v. *Dept. of Income Maintenance,* supra, 14, notice of the decision was mailed on May 3, 1985. We concluded that the plaintiff's appeal was untimely, having been filed thirty-one days after the mailing of notice of the decision. In both *Royce* and *Hanson,* the day the notice of decision was mailed was determined to be the day of the act from which a future time is to be ascertained. Thus, it was excluded from the calculation as the activating day, and the following day was counted as the first day in the computation. This is consistent with our conclusion in the present case. See also *Winslow* v. *Lewis-Shepard, Inc.,* 216 Conn. 533, 535, 582 A.2d 1174 (1990). In *Winslow,* the Supreme Court concluded that October 28, 1988, the day notice was received was the activating day under the time limitation of General Statutes (Rev. to 1987) § 31-293.[5] The court excluded it from its calculation in determining that a filing on November 30,

---

parties of record within thirty days after mailing of such notice . . . ." This version of § 4-183 was effective until July 1, 1989.

[5] General Statutes (Rev. to 1987) § 31-293 (a) provides in pertinent part: "If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate . . . ."

1988, was untimely, being thirty-three days after receipt of the notice.

We recently dealt with a time limitation in *Infante* v. *Porath*, supra, 29 Conn. App. 465, involving the four month limitation set forth in Practice Book § 377. Practice Book § 377 provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed." The trial court had rendered judgment on April 29, 1991. *Infante* v. *Porath*, supra, 468. On appeal, we held that the plain language of Practice Book § 377 required that the date of judgment not be included in the calculation, so that the time period started to run on April 30, 1991. Id., 467.

The language of § 49-14 (a) is strikingly similar to the language of the statutes discussed above. Our interpretation of the time limitation in this case is consistent with the decisions in those prior cases interpreting similar language.[6]

We conclude that the final law day on which a party can redeem is the expiration date for the time limited for redemption. That day is the activating date for the thirty day period within which to file a motion for a deficiency judgment. That day, therefore, must be excluded from the calculation of the thirty day period.

---

[6] The issue involved in *Maresca* v. *DeMatteo*, 6 Conn. App. 691, 506 A.2d 1096 (1986), differs from the issue in this case. In *Maresca*, the issue was whether the computation of the period in which to file a motion for a deficiency judgment runs from the expiration of the law day for the owner of the equity of redemption or from the expiration of all the law days, including those of subsequent encumbrancers. The measuring event, not the method of counting, was the issue. The holding in *Maresca* is quite clear and quite limited: "As General Statutes § 49-14 (a) would not be triggered until title became absolute in the plaintiff as of May 1, 1984, the motion was timely filed." Id., 694. It appears that the calculation was incorrect because May has thirty-one days, but that issue was never addressed by the court.

The day following the last law day is the day on which title vests and is the first day in the calculation of the thirty day period.

The judgment is affirmed.

In this opinion the other judges concurred.