[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding sounds in foreclosure of a certain mortgage from the mortgagor, Joseph Evans, and three junior encumbrancers to the C.A.G., Inc. On June 17, 1996, the court entered judgment of strict foreclosure in favor of the plaintiff and set July 16, 1996 as the law day for the owner of the equity. "and subsequent business and banking days for subsequent encumbrances in inverse order of their priority." On August 21, 1996, the plaintiff moved for a deficiency judgment in accordance with Sec. 49-14 (a) of the General Statutes.
Section 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." The final law day on which a party can redeem is the expiration date for the time limited for redemption. The day following the last law day is the day on which title vests and is the first day in the calculation of the thirty day period. FirstFederal Savings Loan Assn. v. Pellechia, 37 Conn. App. 423,429-30; Federal Deposit Ins. v. Hillcrest Associates, 233 Conn. 153,162 n. 6.
The first day for redemption was July 16, 1996, the law day for the owner of the equity, Joseph Evans.[1] The last day for redemption was July 19, 1996, the law day for the most junior encumbrancer, United Security Supply Company. Title vested in the plaintiff, C.A.G., the following day, July 20, 1996, and constitutes the "activating date for the thirty day period within which to file a motion for deficiency judgment." First Federal
CT Page 9526Savings Loan Assn. v. Pellechia, supra. The thirty day period expired on August 19, 1996, and the plaintiff's motion was not filed until August 21, 1996.
The plaintiff's motion for deficiency judgment is, accordingly, denied.
Moraghan, J.