[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT OF DISMISSAL, DOCKET ENTRY NO. 104
Before the court is the plaintiff's motion to open judgment of dismissal dated October 8, 1999 and filed October 22, 1999. The plaintiff, Jill Green, brings this action against the defendant, Scott Lumley for personal injuries arising out of an automobile accident occurring on or about January 13, 1996. The defendant filed a request to revise on May 9, 1998. The plaintiff filed neither an objection to the request nor a revised complaint. The defendant then filed a motion for nonsuit on October 27, 1998, for failure to comply with discovery requests, which was not acted on by the court. On April 28, 1999, the defendant filed another motion for nonsuit, for failure to revise the complaint. The court then entered a judgment of dismissal on June 18, 1999 and notice was sent by the court to the parties on that same day. On October 22, 1999, the plaintiff filed a motion to open judgment of dismissal for failure to prosecute.[1] A verified statement did not accompany the motion, although it is required by Practice Book §17-43(a).[2] On November 10, 1999, the defendant filed an objection to the motion to open. The court, Skolnick, J., granted the motion to open on November 8, 1999. On November 30, 1999, the defendant then filed a motion to reargue, which the court, Skolnick, J., granted. The court heard oral arguments on February 23, 2000, at which time the plaintiff filed a verified statement of her attorney, and the defendant filed a supplemental memorandum in support of his objection to the motion to open judgment of dismissal.[3]
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652,661, 717 A.2d 706 (1998). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation CT Page 6228 marks omitted.) Dowling v. Slotnik, 244 Conn. 781, 787, 712 A.2d 396
(1998).
"Pursuant to General Statutes § 52-212, a motion to set aside a judgment of nonsuit must be filed within four months of the date judgment was rendered. The court lacks jurisdiction entertain a motion to open the judgment filed outside that month period." Buffard v. Yost,51 Conn. App. 1, 2-3, 719 A.2d 487 (1998).
On June 18, 1999, the court entered a judgment of dismissal and notice went out to the parties. The four-month period began to run on June 19, 1999. See Infante v. Porath, 29 Conn. App. 465, 468, 615 A.2d 1073 (1992) ("It is well settled that the day of the act from which a future time is to be ascertained is to be excluded from the computation.") As stated above, the plaintiff filed her motion to open on October 22, 1999. The four-month period ended on October 19, 1999. Therefore, the plaintiff filed her motion to open three days late. The late filing of the motion to open does not comply with the filing requirements of Practice Book § 17-43, and therefore, the court lacks subject-matter jurisdiction.
Based on the foregoing, the plaintiff's motion to open judgment of dismissal is denied because the plaintiff filed the motion to open outside of the four-month limitation.
SKOLNICK, J.