[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this case is whether after the Court has entered a judgment of strict foreclosure, title may vest on a day on which the court is not open for business. In this particular case, the last law day was a Friday and title presumbly vested the next day, a Saturday. The record discloses that the defendant filed a motion to "reopen" on December 21, 2000. For undisclosed reason, this motion was not heard until January 16, 2001 notwithstanding the fact that the last law day was set for January 12, 2001. At that time, this particular court opened the judgment and set new law days, commencing January 30, 2001. On January 29, this court (Rush, J.) reopened the judgment and set new law days CT Page 3132-ex commencing February 26, 2001. The court's action in each instance was predicated upon an assumption of jurisdiction done so solely to afford the court sufficient time to research and adjudicate the issue stated above.
The plaintiff has asked that the court vacate its prior orders opening and reopening the judgment and extending the law day on the grounds that the court had no jurisdiction to do so pursuant to § 49-15 of the General Statutes. The defendant argues that title does not vest until the close of business on the first day court is open following the last day set for a defendant to redeem (the last law day). There is no rational support for this argument because there is no need for any party to avail itself of the court's power because by that time all law days would have expired. The defendant reads into the word "after' in the last line of § 49-15 a period of time consisting of the first business day after the expiration of the last law day. Such a construction is untenable and unwarranted.
There is of course, a distinction between a law day and a vesting day. Title can only vest after expiration after the last law day. FirstFederal Savings and Loan Association of Rochester v. Pellechia,37 Conn. App. 423 (1995). So, if the last law day was January 13 a Friday, the defendant was free to come into court at anytime prior to or on that day up to 5:00 p.m. to obtain an extension of the last law day. Having failed to do so, title vested at midnight the next day, i.e. Saturday, January 14. It does not matter that the day that title vests is a non business day because once that day arrives it is too late for any defendant to avail itself of its right to seek an extension of the last law day or to otherwise seek to modify the judgment. So, a law day may not be a day on which the court is not open for business but a vesting day may be any day of the week.
Even though the case cited in the plaintiff's brief do not expressly refer to law day as being a Saturday it is fair to infer that in each case the court was cognizant of the fact that the day on which title vested was a Saturday.
Quite apart from the above, the defendant invokes the equitable power of the court to act after title vests on the basis of New Milford SavingsBank v. Jajer, 244 Conn. 251 (1998), arguing that his client, the owner of the equity of redemption has received an offer to purchase the foreclosed property at a price which will net him sufficient proceeds to satisfy the debt, costs and expenses in full. As this court stated inCity of Bridgeport v. Voll, CV94 031 85 63 Superior Court, Judicial District of Fairfield at Bridgeport, March 29, 2000, (Mottolese, J.), NewCT Page 3132-eyMilford Savings Bank v. Jajer does not support the authority of the court to open a judgment of strict foreclosure after law day has passed and title has vested where the moving party is the mortgagor and not the mortgagee and there has been no waiver of the provisions of § 49-15. The court was without jurisdiction to open and reopen the judgment and extend law days. Therefore, all prior orders of this court opening and reopening the judgment and extending law days are hereby vacated, thereby reaffirming the judgment of September 25, 2000.
BY THE COURT,
Mottolese, Judge