[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE MOTION TO DISMISS OF APPORTIONMENT DEFENDANT NEW ENGLAND DESIGN
On February 20, 1998 the plaintiff, Joseph Apicelli, an employee at a bar at The Foxwoods Casino allegedly was seriously injured when he tripped and fell on a drain pipe five to eight inches off the ground behind the bar. He commenced an action against the defendant C.R. Klewin, Inc., by complaint dated July 23, 1999, returnable August 17, 1999. The defendant C.R Klewin's apportionment complaint against various apportionment defendants, including New England Design ("NED"), dated December 14, 1999, was delivered to the sheriff of Hartford County on December 14, 1999 when some defendants were served. On December 15, 1999 NED was served. Counsel for NED appeared on February 3, 2000. On May 24, 2000 NED filed its first motion to dismiss (#112) claiming ". . . that it was never served the apportionment complaint." In its memorandum, the defendant alleges since the apportionment complaint was not filed until December 27, 1999 more than 120 days repeat from the return date of the original complaint that it was not served in accordance with the provisions set forth in Connecticut General Statutes (C.G.S.) § 52-102
and that it was not served at all. NED claims in that motion lack of subject matter and personal jurisdiction.
On March 9, 2001 NED filed its second motion to dismiss (#128) alleging that the apportionment complaint was never properly served upon it within the 120 days and asserting that the court lacked subject matter jurisdiction over it.
NED having failed to timely file a motion to dismiss challenging personal jurisdiction (i.e., not within 30 days of the appearance filed) appears to be challenging only the subject matter jurisdiction of the court claiming that the apportionment complaint served on December 15 was more than 120 days from the return day August 17, 1999.
For its part, Klewin claims that the 120 days service rule provided in C.G.S. § 52-102b is directory not mandatory and that the savings provision provided in C.G.S. § 52-593a extends the time for service of process by an addition of 15 days from the date mesne process is placed in the hands of the civil officer. CT Page 4172
Discussion
Practice Book § 10-31 provides:
 "(a) The Motion to Dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ."
While motions to dismiss must be made within 30 days of filing an appearance; Discover Leasing Inc. v. Murphy, 33 Conn. App. 303, 307,635 A.2d 843 (1993), a motion to dismiss for lack of subject matter may be made at any time. Stroiney v. Crescent Lake Tax District, 205 Conn. 290,294, 533 A.2d 208 (1987).
When lack of jurisdiction is raised by a party, it must be disposed of fully before the case shall proceed further. Figueroa v. CS BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). The plaintiff bears the burden of proving subject matter jurisdiction whenever and however raised. Fink v. Golenbock, 238 Conn. 183, 199, 680 A.2d 1243 (1996).
NED alleges that, as a statutory period of limitations, the 120 day period for serving an apportionment complaint contained in C.G.S.52-102b (a)[1] must be strictly construed. The threshold issue in this case is when the 120 day period provided in the statute runs and, if necessary, whether the savings provision of § 52-593 is applicable.
The courts to this day generally have held that in all cases where a period of time is to be calculated from a particular date or event, the day or date of that event is to be excluded from the computation.Blackman v. Nearing, 43 Conn. 56, 21 American Reports 634 (1875); FederalSavings and Loan v. Pellechia, 37 Conn. App. 423, 656 A.2d 688 (1995). Applying that rule to the instant case, the return day August 17, 1999 is not counted and the 120th day is December 15th, the date when NED was served. Thus, it is unnecessary to reach the issue as to whether or not the savings provision of C.G.S. § 52-593 applies.
Furthermore, a clear reading of C.G.S. 52-102b in its entirety; i.e., subsection (a) and subsection (b) clearly contemplates that an apportionment complaint may be served timely beyond 120 days from the return day on the original complaint.[2]
Reading the statute in its entirety indicates to the court that the General Assembly intended that if the apportionment complaint was served within the statute of limitations period applicable to the plaintiff's underlying cause of action, that it is not necessary to serve the apportionment complaint within 120 days of the return day, but rather the CT Page 4173 purpose of the 120 day limitation is to provide a defendant who was served at the end of a statute of limitations period that additional 120 days from the return day to bring in apportionment defendants without being faced with a statute of limitations defense to the apportionment complaint.
The motions to dismiss (#112 and #128) of NED are denied.
McLachlan, J.