KAREN TRACY *v.* ALLSTATE INSURANCE COMPANY*
(AC 21535)

Lavery, C. J., and Schaller and Flynn, Js.

Argued March 21—officially released July 2, 2002

*Guy L. DePaul*, for the appellant (plaintiff).

*J. Kevin Golger*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Karen Tracy, appeals from the summary judgment rendered by the trial court in favor of the defendant, Allstate Insurance Company,

* A motion for reconsideration was granted on September 11, 2002. This opinion has been superseded by *Tracy* v. *Allstate Ins. Co.*, 76 Conn. App. 329, 819 A.2d 859 (2003), only as to the issue of whether the tolling provision of General Statutes § 38a-336 (g) (1) apply to the insurance policy in question.

in her action against the defendant for underinsured motorist benefits. The sole issue on appeal is whether the court improperly granted the defendant's motion for summary judgment because it determined that her action was barred by the contractual limitation provision contained in the automobile insurance policy issued to her by the defendant. We affirm the judgment of the trial court.

The following pertinent facts and procedural history are undisputed. On February 20, 1996, the plaintiff, while driving her own vehicle, was injured in a motor vehicle accident caused by the negligence of another driver (tortfeasor). At the time of the accident, she was insured under an automobile insurance policy issued by the defendant. The plaintiff brought an action against the tortfeasor and, on August 24, 1999, settled that action for $20,000, thereby exhausting the liability limits of the tortfeasor's insurance policy. On July 2, 1999, the plaintiff gave written notice to the defendant that she intended to pursue an underinsured motorist claim on the policy. On February, 29, 2000, the plaintiff commenced an action against the defendant, seeking benefits for damages in excess of the tortfeasor's policy limits pursuant to the underinsured motorist provisions of her policy. The defendant filed an answer and special defenses in which it asserted, inter alia, that the plaintiff's cause of action was barred by the three year limitation period contained in the policy that it had issued to her. On July 24, 2000, the defendant filed a motion for summary judgment. The court granted the motion and rendered judgment in the defendant's favor, and this appeal followed. Additional facts will be set forth as necessary.

On appeal, the plaintiff claims that the court improperly granted the defendant's motion for summary judgment. Specifically, the plaintiff argues that the limitation provision contained in the defendant's contract of insur-

ance with her is ineffective because it conflicts with another provision in the contract. The plaintiff asserts that in this situation, because the contract limitation period does not apply, the standard six year limitation period set forth in General Statutes § 52-576 controls. She therefore argues that summary judgment was improper because under § 52-576, she has until 2005 to take action against the defendant. We are not persuaded.

At the outset, we note our well settled standard of review for a challenge to a trial court's rendering of a summary judgment. "Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 17-49 provides in relevant part that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the [defendant] as a matter of law, our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Soares* v. *George A. Tomasso Construction Corp.*, 66 Conn. App. 466, 468–69, 784 A.2d 1041 (2001).

We further note the insurance policy provisions in question. The defendant's policy with the plaintiff states, under the heading "Legal Actions," that "[a]ny legal action against [the defendant] must be brought within three years from the date of the accident" (limitation provision). The preceding sentence under the heading "Legal Actions" states that "[n]o one may sue us under this coverage unless there is full compliance with all policy terms" (compliance provision). The plaintiff argues that those provisions are inconsistent and irreconcilable when read together because she was not able to comply with two other provisions in the contract within three years, and, as a result, was prohibited from bringing a legal action within that limitation period.

The first policy term with which the plaintiff argues she could not comply states: "If the accident arises from the use of an underinsured motor vehicle, we aren't obligated to make any payment under this coverage until the limits of liability for all liability protection in effect and applicable at the time of the accident have been exhausted by payment of judgments or settlements."[1] The plaintiff asserts that according to that provision and the compliance provision, she could not file an action until the limits of liability of the tortfeasor's protection had been exhausted. The plaintiff notes that the exhaustion of liability in this case did not occur within three years because the tortfeasor's insurer did not make a settlement offer within that time period.

---

[1] That provision of the policy relates to General Statutes § 38a-336 (b), which provides in relevant part: "An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage. . . ."

She argues that because of that, the compliance provision and the limitation provision are inconsistent and made it impossible for her to bring a legal action within three years.

The second policy term with which the plaintiff argues she could not comply states that the defendant "will not pay any damages an insured person is legally entitled to recover . . . when a settlement has been made without our written consent." The plaintiff asserts that according to that provision and the compliance provision, she could not file an action until she obtained the defendant's consent to the settlement. The plaintiff again notes, as stated previously, that in her case, the tortfeasor's insurer did not make its settlement offer within three years of the date of the accident. She therefore argues, as she does relative to the first policy provision with which she claims she could not comply, that because the tortfeasor's insurer did not make its settlement offer within three years of the date of the accident, the compliance provision and the limitation provision are irreconcilable, and those provisions made it impossible for her to bring a legal action within the three year period.

We address each of those provisions in turn and conclude that the court, relying on *Coelho* v. *ITT Hartford*, 251 Conn. 106, 752 A.2d 1063 (1999), correctly granted the defendant's motion for summary judgment. In *Coelho*, our Supreme Court discussed General Statutes § 38a-336 (b) while determining when the limitations period begins to run under § 52-576.[2] The *Coelho* court

---

[2] Although the issue on appeal in *Coelho* concerned when the limitations period begins to run under § 52-576, we conclude that the law in *Coelho* regarding § 38a-336 (b) is applicable to the present appeal and that it was relied on correctly by the trial court. We note specifically, however, that our reliance on *Coelho* in no way indicates that we agree with the plaintiff's argument that § 52-576 applies in this case. As we determine in this opinion, § 52-576 is not the controlling statute of limitations in this case.

stated that § 38a-336 (b) "requires that the insured first liquidate a claim against a tortfeasor before recovering underinsured motorist compensation" and that "exhaustion of the liability limits of the tortfeasor's policy is a necessary precondition to the recovery of underinsured motorist benefits . . . ." (Internal quotation marks omitted.) *Coelho* v. *ITT Hartford*, supra, 112.

*Coelho* also stated that it is well settled law that "a claim for underinsured motorist benefits can be initiated in advance of exhaustion." Id. The court stated that "in both [*McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 139, 617 A.2d 445 (1992), and *Holkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 149–50, 617 A.2d 451 (1992), it] held that the parties were free to adopt an unambiguous contract provision governing the award of benefits and that the plaintiffs' failure to comply with the terms therein barred recovery. . . . In so holding, the court tacitly recognized that the concept of accrual under a particular statute differs from the right to initiate recovery proceedings under a particular policy provision. Although [General Statutes] § 38-175c, the statutory precursor to § 38a-336 (b), prevented the plaintiffs from recovering benefits prior to exhaustion, nothing prevented the plaintiffs from initiating recovery proceedings within the contractually prescribed period." (Citations omitted.) *Coelho* v. *ITT Hartford*, supra, 251 Conn. 113–14.

In the present case, the court correctly applied that law and stated in its memorandum of decision that "[t]he plaintiff's contention that the policy term requiring exhaustion of the tortfeasor's liability coverage prohibits an insured from *filing* suit until after exhaustion of the tortfeasor's liability coverage is not in accord with Connecticut law." (Emphasis in original.) Quoting *Coelho*, the court concluded that "the plaintiff, by agreeing to a three year time limitation that ran from the date of the accident, has 'agreed to initiate recovery

proceedings within that period, subject to a stay of enforcement until tortfeasor liability could be exhausted. By the same token, the insurers essentially committed to defend against a claim that had yet to accrue.' [Id., 114]."

We conclude, as the trial court did, that because the policy provision regarding exhaustion of the tortfeasor's liability protection did not prohibit the plaintiff from filing her action within three years, the limitation provision and the compliance provision are not incompatible or inconsistent.

We also apply, as the trial court did, that same reasoning to the plaintiff's second contention regarding the policy provision requiring the defendant's consent to a settlement. We do so because obtaining that consent is nothing more than part of the process of exhausting the tortfeasor's liability protection. Specifically, the consent provision allows the insurer to ensure that the settlement offered by the tortfeasor's insurance provider does, in fact, exhaust the limits of the tortfeasor's coverage.

We therefore conclude, as the trial court did, that the reasoning in *Coelho* applies to this part of the plaintiff's claim as well. In the court's words from its memorandum of decision: "Although this policy term prevents the insured from recovering benefits when a settlement has been made without the defendant's written consent, it in no way prevents that person from initiating recovery proceedings against the defendant within the contractually prescribed period." Thus, because the policy's consent provision did not prohibit the plaintiff from filing her action within three years from the date of the accident, the limitation provision and the compliance provision are not incompatible or inconsistent.

On the basis of the foregoing, we conclude that the plaintiff's assertion that the policy limitation is ineffec-

tive and that § 52-576 is the controlling statute of limitations must fail because the limitation provision and the compliance provision in the insurance policy are not inconsistent. With all the policy provisions in force, the plaintiff was required to file her underinsured motorist action against the defendant within three years from the date of the accident. It is undisputed that the plaintiff failed to do so. The plaintiff's action therefore is barred unless she somehow tolled the three year provision in the policy.

We conclude, however, as the trial court did, that the plaintiff cannot avail herself of the tolling provision in § 38a-336 (g) (1) because that subdivision does not apply to the policy in question.[3] As the trial court correctly stated, *Coelho* informs us that § 38a-336 (g) (1) is applicable only to insurance policies with limitations periods of less than three years from the date of the accident. In *Coelho*, our Supreme Court stated that § 38a-336 (g) (1) "permits an insurance carrier, upon compliance with certain tolling provisions, to limit the period for filing a claim to less than three years from the date of accident . . . . Under that section, tolling is required whenever the claimant, prior to the expiration of the applicable time period, gives written notice to the insurer of a pending claim and commences suit

---

[3] General Statutes § 38a-336 (g) (1) provides: "No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim may be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (A) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (B) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."

within 180 days of exhaustion. . . . The [tolling provisions of § 38a-366 (g)] expressly apply to those contracts that limit the time for commencing a recovery proceeding to a period of less than three years from the date of accident . . . . [Subdivision (g)] goes on to enumerate the circumstances under which the applicable limitations period will be tolled. The phrase any applicable limitation period, as used in [subdivision (g)] therefore, refers to those express contractual provisions that limit the commencement of recovery proceedings to a period of less than three years from the date of accident . . . . [Section 38a-366 (g)] does not contemplate tolling of any limitations period that might otherwise be applicable." (Citations omitted; internal quotation marks omitted.) Id., 115–16.

In the present case, the defendant's policy with the plaintiff states that an action "must be brought *within three years* from the date of the accident." (Emphasis added.) We do not construe the term "less than," as discussed in *Coelho*, as the equivalent of "within." Given the plain understanding of the term "less than," it is clear that this term, when used in the phrase, "less than three years," encompasses an amount of time that does not equal three full years. Indeed, it is some quantity of time that is "less than" three years. Thus, § 38a-336 (g) (1) applies only to insurance policies that limit the period for filing a claim to "less than three years from the date of accident . . . ." Conversely, the term "within," when used in the phrase, "within three years from the date of the accident," encompasses each and every day of the three years. See *Lamberti* v. *Stamford*, 131 Conn. 396, 398, 40 A.2d 190 (1944); *First Federal Savings & Loan Assn. of Rochester* v. *Pellechia*, 37 Conn. App. 423, 426–27, 656 A.2d 688 (1995), cert. granted on other grounds, 234 Conn. 905, 659 A.2d 1206 (appeal withdrawn February 5, 1996). Therefore, § 38a-336 (g) (1) does not apply to the defendant's policy

with the plaintiff because the three year period that the policy provides for is greater, if only by as little as one day, than the period stated in the statute.

Because it is undisputed that the plaintiff failed to file her underinsured motorist action against the defendant within three years from the date of the accident, as she was required to do, and because the tolling provisions of § 38a-336 (g) (1) do not apply to the defendant's policy with her, we conclude that the plaintiff's action is barred. We further conclude that the court's decision to grant the defendant's motion for summary judgment was legally and logically correct and supported by the facts set out in the memorandum of decision.

The judgment is affirmed.

In this opinion the other judges concurred.