[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action arises from an automobile accident that occurred on November 19, 1996. The defendant, Allstate Insurance Company, moves for summary judgment on the ground that there are no genuine issues of material fact and it is entitled to summary judgment as a matter of law. The defendant has attached a copy of an automobile insurance policy it issued to the plaintiff, Mary Ann Pulcinella, in support of its motion. The defendant argues that the limitation provision contained within the automobile insurance policy bars the plaintiff from bringing this action for uninsured motorist benefits. Specifically, the defendant argues that CT Page 10477 the plaintiff failed to bring this action within the three year limitation period provided for within the automobile insurance policy. The plaintiff has filed a memorandum in opposition to the defendant's motion for summary judgment and attaches a photocopy of the affidavit of Lizette Feliciano, the driver involved in the automobile accident with the plaintiff. "Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v.Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
General Statutes § 38a-336 (g)(1) provides in part: "No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim may be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident. . . ."
In Tracy v. Allstate Ins. Co., 70 Conn. App. 726, 735, ___ A.2d ___ (2002), our Appellate Court held that § 38a-336 (g)(1) did not apply to the defendant's insurance policy based on the language contained within the policy. The court examined the language in the policy and concluded that "§ 38a-336 (g)(1) applies only to insurance policies that limit the period for filing a claim to "less than three years from the date of accident.' Conversely, the term "within,' when used in the phrase, "within three years from the date of the accident,' encompasses each and every day of the three years."[1] (Internal quotation marks omitted.) Id., 734. The court held that "§ 38a-336 (g)(1) does not apply to the defendant's policy with the plaintiff because the three year period that the policy provides for is greater, if only by as little as one day, than the period stated in the statute"; therefore, because the plaintiff failed to file a claim for underinsured motorist benefits within three years from the date of the accident, her action was barred. Id., 734-35.
In the present case, the plaintiff was involved in an automobile accident with Feliciano on November 19, 1996. At the time of the accident, the plaintiff was insured under an automobile insurance policy issued by the defendant. On December 15, 1998, Feliciano averred in her affidavit that she nor anyone in her family owned automobile insurance. On March 17, 2000, the plaintiff brought this action against the defendant for uninsured motorist benefits. The plaintiff was required by the limitation provision contained in the insurance policy to bring an action against the defendant within three years from the date of the accident.[2] It is apparent that the plaintiff has failed to bring this action against the defendant for uninsured motorist benefits within three CT Page 10478 years from the date of the accident as required by the limitation provision contained within the insurance policy. Therefore, the plaintiff is barred from bringing an action against the defendant for uninsured motorist benefits pursuant to the limitation provision within her insurance policy. Accordingly, the defendant's motion for summary judgment is granted.
BY THE COURT
Skolnick, J.