[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a two count amended complaint, the plaintiff seeks damages for injuries arising out of a motor vehicle accident. In count one, the plaintiff alleges the defendant King was negligent in causing the accident. In count two, she seeks damages from the defendant Allstate in the form of uninsured or underinsured motorist coverage.
In this motion, the defendant Allstate Insurance Company argues that the plaintiffs claim against it is barred by the contractual limitation contained in the insurance policy so that judgment should enter in its favor as a matter of law.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397
(2000); Miles v. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not fry the issue if it does exist.Michaud v. Gurney, 168 Conn. 431, 433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital. 252 Conn. 193, 201 (2000).
"Although the party seeking summary judgment has the burden of showing CT Page 15891 the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such a disputed issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home Ins. Co.v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
The following facts are not in dispute and relate to the issues raised in this motion. On May 8, 1999 the plaintiff was injured while operating her motor vehicle when the motor vehicle driven by the defendant King collided with her motor vehicle. At that time, the plaintiff was insured under an automobile insurance policy with defendant Allstate. On April 18, 2001, the plaintiff brought suit against the defendant King only. On May 20, 2002, the plaintiff served the defendant Allstate with the summons dated May 13, 2002, the amended complaint, motion to cite in and order.
The plaintiff's insurance policy with this defendant contains the following:
Legal Actions
 No one may sue us under this coverage unless there is full compliance with all policy terms. Any legal action against Allstate must be brought within three years from the date of the accident.
(Policy, Part V, p. 15).
Because the action did not commence against Allstate until three years and twelve days after the accident Allstate claims there is no genuine issue as to any material fact that the action is time barred. The plaintiff sets forth two grounds in its objection to the defendant's motion. First she argues that a letter written by her counsel to Allstate in February 2002 tolls the limitation period. She also argues that the policy provisions are inconsistent and therefore should be interpreted against Allstate. Finally, she suggests that this motion should be stayed until the decision after reargument in Tracy v. Allstate Insurance Co.,70 Conn. App. 726 (2002) is issued.
Because the court agrees with the plaintiff as to the tolling of the limitation period, it does not address the remaining ground of her CT Page 15892 objection. The applicable statute reads,
 No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim may be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (A) by notifying such insurer prior to the expiration of the application limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits . . .
General Statutes § 38a-336 (g) (1).
Here the plaintiff, on February 26, 2002, almost three months prior to the expiration of the limitation period, sent the defendant Allstate a letter which included the following language:
 Re: Carol Lindgren Date of Accident: 05/08/99 Your Claim Number: 6362432822 UCJ
Dear Sir/Madam:
 Please be advised that this firm represents Carol Lindgren with regard to a claim for personal injuries sustained as the result of a motor vehicle accident which occurred on May 8, 1999. CT Page 15893
 My office was in contact with the Farmington Claims Office and we were referred to your facility, as this claim is apparently a closed Shelton file.
 Please be advised that we need to obtain a copy of the declaration page of Ms. Lindgren's automobile policy which as in effect at the time of her motor vehicle accident [5/8/99]. Would you kindly provide my office with the requested information and/or confirmation of her policy limits and applicable uninsured/underinsured motorists coverage at the time of the subject motor vehicle accident.
The court finds that this letter provided written notice to the defendant Allstate of a possible claim for underinsured motorist benefits within the meaning of the statute. Accordingly, the motion for summary judgment is denied.
DiPentima, J. CT Page 15894