[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This matter is before the court on the Defendant's motion for summary judgment. For the following reasons that motion is granted.
 FACTS
The Plaintiff, Mr. Alfred Blumes, was involved in an automobile accident with one Ms. Veronica Bulls on December 4, 1998, in which the Plaintiff's vehicle was rear-ended by a vehicle operated by Bulls. The Plaintiff claims that Bulls was underinsured and that her damages exceed his policy limits.
The Plaintiff maintained an insurance policy with the Defendant, Allstate Insurance Company, for underinsured motorist coverage. On December 11, 2001, three years and seven days after the accident, the Plaintiff served Allstate with this underinsured motorist action, seeking damages pursuant to the underinsured motorist coverage provisions of the insurance policy. The Plaintiff gave Allstate no prior notice of the accident, nor did it claim coverage under the policy prior to filing suit.
The Defendant argues that the Plaintiff's claim is time-barred pursuant to the terms of the Allstate Insurance policy contract, which sets the statute of limitation of not less than three years for actions seeking recompense for underinsured benefits. The contract states in relevant part that: "No one may sue us under this (underinsured) coverage unless there is full compliance with all policy forms. Any legal action against Allstate must be brought within three years from the date of the accident." (Exhibit A, D's Memo.)
Deviating from the standard six-year statute of limitations for contract claims, Connecticut General Statutes § 38a-336 (g)(1) states in pertinent part, that: CT Page 2719
No insurance company doing business in this state may limit the time within which any suit may be brought against it . . . on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of an underinsured motorist claim the insured may toll any applicable limitation period (A) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (B) by commencing suit . . . under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals.
The Defendant argues that the Plaintiff did not give written notice of the claim prior to the three-year expiration period as required by part (A) of § 38a-336 (g)(1) and consequently, this action which was not commenced until six days after that expiration period is time-barred.
The Plaintiff does not deny that it did not give notice until after the statute of limitations had run. The Plaintiff points out that the statutory statute of limitations of no less than three years and the contractual language of "within three years"' are conflicting. The Plaintiff urges this court to avoid reaching a decision on the Defendant's motion because the same fact pattern arose in Tracy v.Allstate Insurance Co., 70 Conn. App. 726 (2002), which is currently on appeal with the Supreme Court and that this court should await the outcome of its decision. He argues: "Had the contractual language been interpreted to conflict with the statutory language, then the tolling provision of the statute would apply, and instead, the contract would be subject to the standard six-year limitation period set forth in General Statutes § 52-576. Of great importance to the matter at hand is the fact Tracy v. Allstate has recently been reargued before the Connecticut Supreme Court. The outcome of that reargument is most vital to the positions of each side in the present matter, and that outcome is imminent." (Plaintiff's Memorandum, p. 4.)
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989); Mac's CarCity, Inc. v. American National Bank, 205 Conn. 255, 261, 532 A.2d 1302
(1987). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.233 Conn. 732, 751, 660 A.2d 810 (1995). "[A] summary disposition . . . CT Page 2720 should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "[A] directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id.
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984). See, e.g., Collum v. Chapin, 40 Conn. App. 449,451, 671 A.2d 1329 (1996) (concerning General Statutes §§ 52-577, the only facts material to a court's decision on a summary judgment motion are the date of the alleged wrongful conduct and the date the action was filed).
Practice Book § 17-49 provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." See also, Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2002).
"A material fact is a fact that will make a difference in the outcome of the case . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . ." (Citations omitted; internal quotation marks omitted.) Yancey v.Connecticut Life Casualty Ins. Co., 68 Conn. App. 556, 558-59,791 A.2d 719 (2002).
Moreover, "[a] defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of facts."Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543,494 A.2d 555 (1985). CT Page 2721
In this matter, none of the material facts are contested, rather the court is faced with a question of law, one that was recently decided by the Appellate Court in Tracy v. Allstate, supra. The Plaintiff offers no authority for its argument that this court should delay its decision to await word from the Supreme Court.
By law, an insurance company may not contractually require suit to be brought "less than three years from the date of the accident." The Allstate contract affords the requisite period to file suit as it requires that suit be brought within three years. The current action was brought more than three years after the accident occurred, specifically three years and seven days after the accident occurred and seven days after the contractual statute of limitations expired.
For the reasons stated above, the Defendant's motion for summary judgment is GRANTED.
 BY THE COURT Hon. Vanessa L. Bryant
CT Page 2722